## In re SIDES.

No. 22759. Opinion Filed May 3, 1932.

Rehearing Denied June 21, 1932.

F. E. Sides and M. Bristow, for F. E. Sides.

J. R. Keaton, Ben F. Williams, and Geo. S. Ramsey, for the State Bar of Oklahoma.

KORNEGAY, J. This is an application to review the action of the Board of Governors of the State Bar of Oklahoma in making an order disbarring the applicant, F. E. Sides, from the practice of law, which order is as follows:

"This cause coming on to be heard on this 24th day of May, 1930, upon the complaint heretofore filed in the above-entitled cause against respondent, F. E. Sides, upon his answer thereto, testimony introduced before administrative committee for section 13 of the State Bar of Oklahoma, and the findings made by said administrative committee as follows: (1) That he has ceased to possess that good moral character prerequisite to admission to the practice of the law, and (2) that he is guilty of the commission of acts which render him an unfit, unsafe, and untrustworthy person to be entrusted with the powers, duties, and responsibilities of an attorney and counsellor at law, and (3) that he has been guilty of a violation of the oath taken by him upon his admission to the bar, and recommending that said respondent, F. E. Sides, be forever disbarred from the practice of the law in the courts of the state of Oklahoma, and the Board being fully advised in the premises finds:

"1. That on the 5th day of April, 1929, respondent F. E. Sides was found guilty before the administrative committee for section 13 of the State Bar of Oklahoma, in a cause before said committee pending entitled cause No. 20, Ethel Echols v. F. E. Sides, of the commission of disbarable offenses set forth under the causes for disbarment of the State Bar of Oklahoma adopted by the Board of Governors on October 26, 1929, and approved by the Supreme Court of the state of Oklahoma on November 18, 1929.

"2. That prior to April 5, 1930, and upon said day, the respondent, F. E. Sides, was a duly enrolled member of the Bar of the Supreme Court of the state of Oklahoma, and that at all times since then and now is such enrolled member of the State Bar.

"Wherefore, it is ordered, considered, and adjudged that said respondent, F. E. Sides, be, and he is hereby forever disbarred from the practice of law in the state of Oklahoma, his license to practice law in the said state revoked, and his name stricken from the roll of licensed attorneys in the state of Oklahoma."

A brief has been filed on behalf of the petitioner and also the State Bar, and we have reviewed the entire evidence and the action of the administrative commission and the action of the Board of Governors of the State Bar. It appears that full opportunity was afforded to the petitioner to produce all evidence desired, and a full transcript of the evidence is here on file. It is not deemed necessary to detail the evidence. It is rather sordid at times. Neither is it necessary to determine what witnesses should be believed, in view of the statement of the petitioner that knowingly he disposed of some diamond rings that he knew were stolen, described by him as being "hot," through the medium of what he described as a "fence," who was unknown to him, and appropriated the proceeds to his own use.

Under these conditions, our law will not tolerate his being continued as a member of the bar, licensed to practice law in the state of Oklahoma. The petition for reversal is accordingly denied, and it is the order of this court that in accordance with the evidence, the findings and recommendation of the Board of Governors of the State Bar of Oklahoma be approved and confirmed, and that the petitioner, F. E. Sides, be disbarred from the practice of law in Oklahoma, and his license be revoked and canceled, and that his name be stricken from the roll of attorneys.

LESTER, C. J., and CULLISON, SWINDALL, and McNEILL, JJ., concur. ANDREWS, J., concurs in conclusion. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.