## In re MORGAN.

No. 24781. June 19, 1934.

E. R. Jones, Warren T. Spies, and George C. Abernathy, for the State Bar.

John H. Miley, for respondent.

WELCH, J. This is a proceeding to review the findings and an order of recommendation of the Board of Governors of the State Bar of Oklahoma, that respondent, R. H. Morgan, be disbarred from the practice of law in the state of Oklahoma.

The facts forming the basis of the charge of misconduct, in material substance, are as follows: The respondent was engaged in the practice of law at Oklahoma City. He was employed in the defense of certain persons charged with the robbery of a bank. In that robbery stocks and bonds of the value of many thousands of dollars were among the property taken. Certain defendants were in jail at Lawton. The respondent went to Lawton and obtained the release from jail of one of the prisoners. Thereafter, respondent went with that client to Anadarko, to the home of a resident near Anadarko where the client procured stocks and bonds stolen from the bank of considerable value. These securities were brought to Oklahoma City, and the respondent undertook to sell them for the joint interest and benefit of himself and his client. After negotiations the respondent sold the negotiable bonds of the par value of more than $20,000 for $7,200 in cash. Other bonds and some corporate stock,

though possessing considerable inherent value, were not negotiable or easily transferable, and were therefore considered of little or no value to the respondent and his associates, and they were delivered to the purchaser without other consideration. Respondent fully knew that the stocks and bonds were stolen or taken from the bank in the robbery. The details of the negotiation and sale of the bonds indicate that due caution and secrecy were observed, and further statement of details of the negotiations is unnecessary. After closing the sale the respondent gave his client $5,200. The remaining $2,000, according to respondent's statement, was divided equally between respondent and another lawyer.

The respondent's connection with the matter, and the fact that he knew the bonds were stolen, is clearly shown. The respondent had formerly resided at Anadarko, and knew the man from whose custody his client there procured the bonds. Respondent knew that man as a law violator or man of unsavory reputation. He admitted that he knew him as a "crook."

Upon these facts the examining committee and the Board of Governors of the State Bar recommend the disbarment of the respondent, R. H. Morgan. We deem it wholly unnecessary in this case to present any discussion of the rules of conduct of members of the bar, or of the various recognized grounds for disbarment.

As against such an order it is not argued that the facts are otherwise than as above stated. It is argued that respondent and members of his family would greatly suffer by his disbarment, and that respondent can and will conduct himself in the future as a law-abiding citizen, and as an ethical lawyer, and that he will be guilty of no further wrongdoing, and that there are mitigating circumstances in that after the facts had been discovered the respondent gave true testimony in an action in replevin to recover some of the stolen bonds.

·It may be that the respondent will suffer by disbarment. We are mindful of the fact that it is almost always true that the members of the family of a wrongdoer suffer when he is proceeded against for his wrongful acts. Likewise, we appreciate the possibility that every wrongdoer may reform and thereafter conduct himself without fault, and we have also considered the argument in reference to the testimony given by the respondent as a witness in the replevin action.

However, we find nothing in these matters that would justify us in overlooking the conduct of the respondent, or that would justify us in withholding our entire approval of the recommendation of the Board of Governors of the State Bar.

The respondent had engaged in the practice of law eight years as a member of the bar of this state. His admission to the bar was preceded by a college education. He should have been a valuable member of the bar of the state. Perhaps his services were of value to his clients in the instant case. We have no doubt but that he fully appreciated the entire situation and was willing to do the things he did do in this case for his financial gain, and in utter disregard of the laws of the state and of his duties as a member of the bar.

When a member of the bar undertakes for his client to receive stolen bonds and uses his intellect and talent and his standing as a member of the bar, and his experience gained in the practice of his profession, to safely dispose of the bonds for the joint financial benefit of himself and his client, the least that the courts can do is to order his disbarment and to withdraw from him the right to further act and appear as a member of the bar.

While a member of the bar may diligently represent persons charged with any crime and may urgently present their defense to any charge, we must say, without any hesitation, that in this jurisdiction such attorney may not knowingly act as a receiver of stolen property and sell the same for his and his client's interest, and yet retain the association and standing of a member of the bar of the state.

A true lawyer, by reason of the nature and character of his work, occupies a high position of trust and confidence. His activities should be of constant and faithful service to the state and its citizenship and to the high ideals of his profession. His life should exemplify stern integrity and unfaltering fidelity to the law. No one is entitled to greater respect. nor to have his memory held in higher esteem, than such a man. It is clear, however, that a lawyer may forfeit his right to respect and confidence as a member of the bar by his own misconduct. The bar must be purged of every lawyer who besmirches his profession by his own willful, corrupt, and illegal conduct in alliance with his criminal client.

It is urged in respondent's behalf that he was associated in these matters with another and older member of the bar. If true, that

is no shield or benefit to the respondent, in view of his own individual voluntary and aggressive action throughout this whole sordid engagement. There is nothing in the record to support a contention that any such association would lessen respondent's guilt, and it is with respondent's guilt or innocence that we are here concerned.

We approve the recommendation of the Board of Governors of the State Bar, and it is hereby ordered that the respondent, R. H. Morgan, be, and he is hereby disbarred from the practice of the law, and that his license to so practice is hereby revoked and recalled. See In re Sitton, 72 Okla. 13, 177 P. 555; In re Sides, 158 Okla. 110, 12 P. (2d) 232, and In re Hicks, 163 Okla. 29, 20 P. (2d) 896.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.